IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOHN WILLIAMS MILLER,** § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | Civil Action No. 3:22-CV-2694-M-BH | |
| § | | |
| **UNITED STATE GOVERNMENT,** § | | |
| Defendant. § | Referred to U.S. Magistrate Judge[1] | |

## MEMORANDUM OPINION AND ORDER

Based on the relevant filings and applicable law, the plaintiff's *Response[s] to [ECF No. 6]*, both filed December 10, 2022 (docs. 10, 12), are liberally construed as motions to recuse and **DENIED**.

John Williams Miller (Plaintiff), a current resident of Dallas, Texas, previously sued the United States Attorney for the Northern District of Texas and a federal appellate judge in the Eleventh Circuit under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for alleged violation of his constitutional rights. *See Williams v. Meachum,* No. 3:22-CV-1538-B (N.D. Tex.).[2] After it was recommended that the claims against appellate judge be dismissed for improper venue and the claims against the United States Attorney be dismissed for failure to state a claim, the plaintiff sought recusal of the assigned magistrate judge, alleging bias against him. (*See* No. 3:22-CV-1538-B, docs. 6, 10, 12.) Judgment was entered against Plaintiff on August 9 and 10, 2022. (*See id.,* docs. 18, 20.) In this case, filed on December 5, 2022, Plaintiff has again sued the United States Attorney. His filings demand removal of the assigned magistrate judge based on her alleged bias against him in the prior cases.

---

[1] By *Special Order 3-251*, this *pro se* case has been automatically referred for full case management.

[2] A prior lawsuit against the appellate judge had been transferred to the United States District Court for the Northern District of Georgia, where the Eleventh Circuit sits. *See Miller v. Rosenbaum*, No. 3:21-CV-2852-K-BK (N.D. Tex. Dec. 1, 2021).

A judge is required to stand recused "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). To merit recusal, the movant "must show that, if a reasonable man knew of all the circumstances, he would harbor doubts about the judge's impartiality." *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1165 (5th Cir. 1982). Adverse rulings do not render the judge biased, however. *Matter of Hipp, Inc.*, 5 F.3d 109, 116 (5th Cir. 1993). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [T]hey . . . can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal." *Liteky v. U.S.*, 510 U.S. 540, 555 (1994).

Here, the plaintiff does not cite any relevant, extrajudicial information that would cause a reasonable person, knowing all the circumstances, to question the impartiality of the assigned magistrate judge. The motion appears to be based on adverse rulings. As noted, adverse rulings do not render a judge biased. Because it presents no valid grounds for recusal, the motion for recusal is **DENIED**.

**SO ORDERED this 13th day of December, 2022.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE