IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN WILLIAMS MILLER,<br>    Plaintiff, | § § § | |
| vs. | § | Civil Action No. 3:22-CV-2694-M-BH |
| UNITED STATE GOVERNMENT,<br>    Defendant. | § § § § | Referred to U.S. Magistrate Judge[1] |

## MEMORANDUM OPINION AND ORDER

Based on the relevant filings and applicable law, the plaintiff's *Motion to Remove Ramirez*, filed December 29, 2022 (doc. 17, is **DENIED**.

John Williams Miller (Plaintiff), a current resident of Dallas, Texas, previously sued the United States Attorney for the Northern District of Texas and a federal appellate judge in the Eleventh Circuit under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for alleged violation of his constitutional rights. *See Williams v. Meachum,* No. 3:22-CV-1538-B (N.D. Tex.).[2] After it was recommended that the claims against the appellate judge be dismissed for improper venue and the claims against the United States Attorney be dismissed for failure to state a claim, the plaintiff sought recusal of the assigned magistrate judge, alleging bias against him. (*See* No. 3:22-CV-1538-B, docs. 6, 10, 12.) Judgment was entered against Plaintiff on August 9 and 10, 2022. (*See id.,* docs. 18, 20.) In this case, filed on December 5, 2022, Plaintiff has again sued the United States Attorney. He argues that he did not consent to proceed before a magistrate judge, and he asks the assigned district court judge to remove the assigned magistrate judge.

---

[1] By *Special Order 3-251*, this *pro se* case has been automatically referred for full case management.

[2] A prior lawsuit against the appellate judge had been transferred to the United States District Court for the Northern District of Georgia, where the Eleventh Circuit sits. *See Miller v. Rosenbaum*, No. 3:21-CV-2852-K-BK (N.D. Tex. Dec. 1, 2021).

   A district judge is statutorily authorized to designate a magistrate judge to determine pretrial matters and to conduct hearings and submit findings of fact and recommendation on dispositive matters by 28 U.S.C. 28 U.S.C. § 636(b)(a).  Under that express authority, the Northern District of Texas has implemented *Special Order 3-251*, which provides for automatic referral of certain cases and matters to magistrate judges.  This *pro se* case falls under the automatic referral provisions of *Special Order 3-251* for full case management, including determination of non-dispositive motions and issuance of findings, conclusions, and recommendations on dispositive motions.  Because the district court has retained the ultimate decision-making authority for this case, the plaintiff's consent to this procedure is not required.  *See Nixon v. GMAC Mortg. Corp.,* 408 F. App'x 833, 834 (5th Cir. 2011).  In addition, both § 636(b) and Fed. R. Civ. P. 72 set forth the procedures for parties to object to magistrate judges' pretrial orders and findings and recommendations.  Accordingly, the parties' consent is not required for a referral.  The case will continue to be referred to the assigned magistrate judge for full case management unless otherwise ordered by the assigned district judge.

   **SO ORDERED this 5th day of January, 2023.**

                      */s/ Irma Carrillo Ramirez*
                       IRMA CARRILLO RAMIREZ
                       UNITED STATES MAGISTRATE JUDGE