**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JOHN WILLIAMS MILLER,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **No. 3:22-CV-2694-M-BH** |
| | ) | |
| **UNITED STATES GOVERNMENT,** | ) | |
| **Defendant.** | ) | **Referred to U.S. Magistrate Judge[1]** |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is *United States of America's Motion to Dismiss*, filed on February 6, 2023 (doc. 19). Based on the relevant filings and applicable law, the motion to dismiss should be **GRANTED**, and the plaintiff's claims should be **DISMISSED**. The plaintiff's *Motion: Demand Writ of Execution*, filed on February 9, 2023 (doc. 22); *Demand/Motion/Correction/"Removal of Illegal Defendant Representatives..."*, filed on February 13, 2023 (doc. 28); *Motion To Have Federal Marshals Arrest Immediately!!! Clayton Ray Mahaffey-DOJ, DUI Attorney...*, filed on February 13, 2023 (doc. 30); *Motion Plaintiff Invoking FRCP Rule 38(b)(2): Right to a Jury Trial; Demand*, filed on February 21, 2023 (doc. 32); *Motion: Execution of Writ of Execution relative to [ECF No. 11]*, filed on March 3, 2023 (doc. 36); *Motion: Plaintiff is still awaiting "APPEARANCE"...*, filed on March 9, 2023 (doc. 39); *Motion: Corrected and legal Writ of Execution...*, filed on March 9, 2023 (doc. 40); and *Motion Hearing: To Start Trial Preparation with Discovery Scheduling*, filed on March 10, 2023 (doc. 41), should all be **DENIED**.

### I.    BACKGROUND

John Williams Miller (Plaintiff), a current resident of Dallas, Texas, sues the United States of America (Defendant) under 42 U.S.C. § 1983 for alleged violations of his constitutional rights.

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

(*See* doc. 3 at 3-4.)[2]  His five-page complaint alleges that "[t]wo evil and corrupt Eleventh Circuit Appellate Court Judges acting in their OFFICIAL CAPACITY did deliberately and purposely DENY Plaintiff a multitude of U.S. Constitutional Rights and FRCP Rules" under the First, Fourth, Fifth, Seventh, and Fourteenth Amendments during a prior civil lawsuit.  (*See id.*)  It contends that they are "Government Agents, acting in OFFICIAL CAPACITY under the employ of Defendant, United States Government responsible for U.S. Constitutional Violation(s), plural, and **[Title 18 Section 242]** Felony Crimes".  (*Id.* at 4 (bracketed text and emphasis in original); *see id.* at 2-3.)

## II.    RULE 12(b)(1)

Defendant first moves to dismiss this action under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction.  (*See* doc. 19.)

## A.    <u>Legal Standard</u>

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject-matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).  Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  A court must dismiss the action if it determines that it lacks jurisdiction over the subject matter.  Fed. R. Civ. P. 12(h)(3); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).

A Rule 12(b)(1) motion "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."  *Arbaugh v. Y & H Corp.*,

---

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

546 U.S. 500, 506 (2006). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A dismissal under Rule 12(b)(1) "is not a determination of the merits," and it "does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.* Accordingly, considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.*

The district court may dismiss for lack of subject-matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject-matter jurisdiction. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). If sufficient, those allegations alone provide jurisdiction. *See id.* If the defendant supports the motion with evidence, however, then the attack is "factual" and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 413 (citation omitted). A factual attack may occur at any stage of the proceedings. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Regardless of the nature of attack, the party asserting federal jurisdiction continually carries the burden of proof to show it exists. *See id.*

Here, Defendant has not attached any documents to its motion, relying only on Plaintiff's complaint. The motion therefore presents a facial attack that does not require the resolution of

3

factual matters outside the pleadings.  *See, e.g.*, *7-Eleven, Inc. v. Digital Display Networks, Inc.*, No. 3:12-CV-4292-L, 2013 WL 5305811, at *3 (N.D. Tex. Sept. 20, 2013).

**B.  <u>Civil Claims</u>**

Plaintiff expressly sues under 42 U.S.C. § 1983 for alleged violation of his constitutional violations.  (*See* doc. 3 at 3.)  He names only the federal government as a defendant in this action, however.  (*See id.* at 1, 6.)  Section 1983 does not apply when only federal action is at issue.  *See Williams v. Wood*, 612 F.2d 982, 984 n.1 (5th Cir. 1980).  Because he sues only the federal government, his claims are fairly interpreted as arising under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  *See, e.g., Montgomery v. Deitelbaum*, No. 3:09-CV-2407-M-BH, 2010 WL 582146, at *2 (N.D. Tex. Feb. 18, 2010) ("Because *pro se* complaints are liberally construed, the courts apply § 1983 or *Bivens* according to the actual nature of the claims, not the label or characterization of a *pro se* plaintiff.") (internal citation omitted).  In *Bivens*, the Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to an action for monetary damages in federal court. *Bivens*, 403 U.S. at 388. *Bivens* extends the protections afforded under § 1983 to parties injured by federal actors; it mirrors but is not "'the substantial equivalent of 42 U.S.C. § 1983.'" *Ziglar v. Abbasi*, 582 U.S. 120, 132 (2017) (citation omitted); *see also Boyd v. Driver*, 579 F.3d 513, 515 n.5 (5th Cir. 2009) (recognizing that constitutional torts authorized by *Bivens* and § 1983 are coextensive, and citing *Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005)).

A *Bivens* action only provides a remedy for victims of constitutional violations by government officers in their individual capacities; it does not provide for a cause of action against the United States.  *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999).  This is because the purpose of a *Bivens* action is to deter a federal officer from violating

a person's constitutional rights. *FDIC v. Meyer*, 510 U.S. 471, 485 (1994); *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001). Claims under *Bivens* against federal employees in their official capacities are barred because they are equivalent to claims against the federal agencies who employ those employees. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985). The United States and federal employees sued in their official capacities are protected by the doctrine of sovereign immunity from constitutional claims under *Bivens. Gibson v. Fed. Bureau of Prisons*, 121 F. App'x 549, 551 (5th Cir. 2004) (citing *Malesko*, 534 U.S. at 71-72); *Affiliated Prof'l*, 164 F.3d at 286; *Williamson v. United States Dep't of Agric.*, 815 F.2d 368, 380-81 (5th Cir. 1987). As discussed, Plaintiff names only the federal government as a defendant; he also alleges constitutional violations by federal officers acting in their official capacities as employees of Defendant. Plaintiff's claims against Defendant and federal officers in their official capacities should be dismissed for lack of subject-matter jurisdiction based on sovereign immunity.[3]

### III.    RULE 12(b)(6)

Defendant also moves to dismiss this action under Rule 12(b)(6) for failure to state a claim. (*See* doc. 19.)

### A.    **Legal Standard**

Rule 12(b)(6) allows dismissal for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12 (b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the

---

[3] Plaintiff appears to argue that Defendant "has clearly legally forfeited and is now legally stripped of its SOVEREIGN IMMUNITY" by virtue of an October 2022 USPS certified mail receipt and tort claims previously filed by Plaintiff against judges of the Eleventh Circuit. (doc. 3 at 3.)  He has "not plausibly alleged facts that would support a waiver of sovereign immunity" by Defendant, however; a waiver must be unequivocally expressed in statutory text. *Arwady v. Ho*, 858 F. App'x 714 (5th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that "a complaint must contain sufficient factual matter, accepted as true" to state a plausible claim to relief)); *see also Gonzalez v. Blue Cross Blue Shield Ass'n*, 62 F.4th 891, 899 (5th Cir. 2023) ("'[a] waiver of the Federal Government's sovereign immunity must be unequivocally expressed in *statutory* text and will not be implied.'") (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996)).

pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Iqbal*, 556 U.S. at 678 (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678. It is well-established that "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

B.    **Criminal Statute**

Plaintiff also appears to assert a claim against Defendant for alleged violations of 18 U.S.C.

§ 242 allegedly committed by two Eleventh Circuit judges.  (*See* doc. 3 at 4.)  Criminal statutes

cannot be enforced in a civil action, however.  "Private citizens do not have the right to bring a

private action under a federal criminal statute."  *Sappore v. Arlington Career Inst.*, No. 3:09-CV-

1671-N, 2010 WL 446076, at *2 (N.D. Tex. Feb. 8, 2010) (citing *Pierre v. Guidry*, 75 F. App'x

300, 300 (5th Cir. 2003)).  Because 18 U.S.C. § 242 is a federal criminal statute and does not

provide a civil cause of action, Plaintiff fails to state a claim upon which relief may be granted

under this statute.

## IV.    OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give

*pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott*

*v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*,

No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001).  Courts therefore

typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be

dismissed by court order.  *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-

CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2.

Courts, nonetheless, may appropriately dismiss an action with prejudice without giving an

opportunity to amend if they find that the plaintiff has alleged his or her best case.  *Jones v.*

*Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).  When a court "outline[s] in [its] opinion the

deficiencies" of the plaintiff's complaint and the "plaintiff nevertheless cannot. . . amend to satisfy

[the relevant pleading standard], the court can then dismiss the complaint with the assurance that

plaintiff has been shown all the deference he is due." *Sims*, 2001 WL 627600, at *2-3 (quoting

*Barber v. G.H. Rodgers*, No. CA3-84-1750-D (N.D. Tex. Sept. 13, 1988)).

Here, although Plaintiff has not amended his complaint, his constitutional claims against Defendant or its employees in their official capacities would still fail for lack of subject-matter jurisdiction, and he cannot bring a private action charging a violation of a federal criminal statute. Because it appears Plaintiff has alleged his best case or that amendment would be futile, no opportunity to amend is warranted.

## V.    OTHER MOTIONS

Plaintiff also moves for a writ of execution and/or entry of a default judgment, for the removal and arrest of Defendant's counsel and the assigned magistrate judge,[4] for a jury trial, and for a hearing for trial preparation.  (*See* docs. 22, 28, 30, 32, 36, 39, 40, 41.)

To the extent Plaintiff's motions seek entry of default judgment against Defendant, they should be denied.  Federal Rule of Civil Procedure 55 sets forth the conditions under which default may be entered against a party, as well as the procedure for seeking the entry of default judgment. There is a three-step process for securing a default judgment.  *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  First, a default occurs when a party "has failed to plead or otherwise defend" against an action.  Fed. R. Civ. P. 55(a).  Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise."  *Id.*; *N.Y. Life Ins.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141.

Here, the United States Attorney's Office was served electronically on December 5, 2022, and it was ordered to file an answer or response to the complaint within sixty days.  (*See* doc. 5; doc. 19 at n.1.)  Defendant failed to timely respond by Friday, February 3, 2023, but it filed its

---

[4] Plaintiff's previous motions to recuse the assigned magistrate judge have been denied.  (*See* docs. 10, 12-13, 17-18.)

motion to dismiss on February 6, 2023, noting that the failure to file a response by February 3, 2023, was due to a clerical error in the calculation of deadlines.  (*See* doc. 19 at n.1.)  Defendant has defended the case by filing a motion to dismiss.  *See Rogers v. Barnhart*, 365 F. Supp. 2d 803, 808 (S.D. Tex. 2004) (citing *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 277 (5th Cir. 1989) ("the filing of a motion to dismiss is normally considered to constitute an appearance")).  Because Defendant appeared and defended the case, the Clerk of Court has repeatedly declined to enter default under Rule 55(a) despite Plaintiff's requests. (*See* docs. 24-26, 29, 34, 42.) Plaintiff has not met the first two requirements for entry of a default judgment.

Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default."  *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)).  "In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Id.* (quoting *Sun Bank of Ocala*, 874 F.2d at 276).  In addition, Rule 55(d) provides that a default judgment may be entered against the United States only if the claimant "establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d).  Plaintiff's motions and complaint do not make this showing, and even if Defendant did not file a response, the Court could still assess *sua sponte* whether dismissal of the case was appropriate under Rule 12.  Entry of default judgment in this case is not appropriate, and the motions seeking this relief should be denied.

As for Plaintiff's remaining motions, as discussed, this action is subject to dismissal. He has not shown entitlement to the relief he seeks, and the remaining motions should also be denied.

## VI.    RECOMMENDATION

Defendant's motion to dismiss should be **GRANTED**; Plaintiff's claims for violation of

his civil rights should be **DISMISSED without prejudice** for lack of subject-matter jurisdiction, and his claims for violation of a criminal statute should be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.  Plaintiff's motions should be **DENIED**.

      **SIGNED this 4th day of August, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE