IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN WILLIAMS MILLER,<br>  Plaintiff, | § § § | |
| vs. | § § | Civil Action No. 3:22-CV-2694-M-BH |
| UNITED STATE GOVERNMENT,<br>  Defendant. | § § § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *pro se FRCP- 59 Motion for New Trial...*, filed August 17, 2023 (doc. 55), and *FRCP Rule 60 Motion Relief from Judgement or Order [ECF No. 54]...*, filed August 21, 2023 (doc. 57), should both be liberally construed as seeking to alter or amend the judgment under Fed. R. Civ. P. 59(e) and **DENIED**.

**I. BACKGROUND**

John Williams Miller (Plaintiff) sued the United States of America (Defendant) under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. (*See* doc. 3 at 3-4.)[2] His five-page complaint alleges that "[t]wo evil and corrupt Eleventh Circuit Appellate Court Judges acting in their OFFICIAL CAPACITY did deliberately and purposely DENY Plaintiff a multitude of U.S. Constitutional Rights and FRCP Rules" under the First, Fourth, Fifth, Seventh, and Fourteenth Amendments during a prior civil lawsuit. (*See id.*) It contends that they are "Government Agents, acting in OFFICIAL CAPACITY under the employ of Defendant, United States Government responsible for U.S. Constitutional Violation(s), plural, and **[Title 18 Section 242]** Felony Crimes". (*Id.* at 4 (bracketed text and emphasis in original); *see id.* at 2-3.)

Over Plaintiff's objection, Defendant's motion to dismiss this action for lack of subject-matter

---

[1] By *Special Order 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

jurisdiction and failure to state a claim was granted on August 15, 2023, and judgment was entered that day.  (*See* docs. 45, 53, 54.) The following day, Plaintiff specifically moved for a new trial under Fed. R. Civ. P. 59(e), alleging that all federal district courts have subject-matter jurisdiction over all cases involving Defendant. (*See* doc. 55.) Five days after filing his motion, he filed another motion specifically seeking relief under Fed. R. Civ. P. 60, again alleging that all federal district courts have subject-matter jurisdiction over all cases involving Defendant. (*See* doc. 57.) The motion specifically challenged the findings, conclusions and recommendation for dismissal for dismissal of the case.  (*Id.* at 5-6.)

## II. RULE 59(e)

Because Plaintiff's filings both challenge the judgments in this case and were filed within 28 days of its entry, both are properly construed as arising under Rule 59(e). *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) (noting that where a case is resolved without a trial, a motion to alter or amend judgment is generally considered under Rule 59(e)); *see also Williams v. Thaler*, 602 F.3d 291, 303 & n.10 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit.").

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Alexander v. Wells Fargo Bank*, N.A., 867 F.3d 593, 597 (5th Cir. 2017) (citing *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion"

to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id*. at 479, 483. When considering a motion to alter or amend a judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co*., 6 F.3d 350, 355 (5th Cir. 1993).

Here, the plaintiff's assertions that all federal district courts have subject-matter jurisdiction over all cases involving Defendant essentially re-urge sand again seek review of the same arguments which he made in his objections to the recommended dismissal, and which have been rejected. Rehashing evidence, legal theories, or arguments that were raised before the entry of judgment is insufficient to show entitlement to relief under Rule 59(e). *See Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (explaining that a Rule 59(e) motion cannot be used to repeat old arguments previously considered and rejected). The plaintiff has failed to identify an intervening change in controlling law, point out the availability of new evidence not previously available, identify a manifest error of law or fact, or identify any other extraordinary circumstances justifying alteration or amendment of the judgment. He has provided insufficient grounds to justify relief under Rule 59(e).

### III.  RECOMMENDATION

Plaintiff's motions should both be liberally construed as seeking to alter or amend the judgment under Fed. R. Civ. P. 59(e) and **DENIED**.

**SO RECOMMENDED on this 25th day of August, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

  A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE