IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN WILLIAMS MILLER, <br> Plaintiff, | § § § | |
| vs. | § § | Civil Action No. 3:22-CV-2694-M-BH |
| UNITED STATE GOVERNMENT, <br> Defendant. | § § § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *§ 821.17 Motion for judgment on all unaddressed Pleadings for Plaintiff John W Miller*, filed September 20, 2023 (doc. 62), should be liberally construed as seeking relief from the judgment under Fed. R. Civ. P. 60(b) and **DENIED**.

**I. BACKGROUND**

John Williams Miller (Plaintiff) sued the United States of America (Defendant) under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. (*See* doc. 3 at 3-4.)[2] His five-page complaint alleged that "[t]wo evil and corrupt Eleventh Circuit Appellate Court Judges acting in their OFFICIAL CAPACITY did deliberately and purposely DENY Plaintiff a multitude of U.S. Constitutional Rights and FRCP Rules" under the First, Fourth, Fifth, Seventh, and Fourteenth Amendments during a prior civil lawsuit. (*See id.*) It contended that they were "Government Agents, acting in OFFICIAL CAPACITY under the employ of Defendant, United States Government responsible for U.S. Constitutional Violation(s), plural, and **[Title 18 Section 242]** Felony Crimes". (*Id.* at 4 (bracketed text and emphasis in original); *see id*. at 2-3.)

Defendant moved to dismiss the case on February 6, 2023. (*See* doc. 19.) Plaintiff filed multiple motions requesting, among other things, entry of a default judgment. (*See* docs. 22, 28, 30,

---

[1] By *Special Order 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

32, 36, 39, 40, 41.) Because Defendant had appeared and defended the case, the Clerk of Court repeatedly declined to enter default under Rule 55(a) despite Plaintiff's requests. (*See* docs. 24-26, 29, 34, 42.) It was ultimately recommended that Defendant's motion to dismiss this action for lack of subject-matter jurisdiction and failure to state a claim be granted, and that Plaintiff's pending motions be denied. (*See* doc. 45.) Over Plaintiff's objections, the recommendation was accepted on August 15, 2023, and judgment was entered that day. (*See* docs. 46, 48, 53, 54.) Shortly thereafter, Plaintiff moved to alter or amend the judgment, and he specifically challenged the findings, conclusions and recommendation for dismissal of the case and denial of his pending motions, as well as his requests for entry of default. (*See* docs. 55, 57.) The motions were liberally construed as seeking to alter or amend the judgment under Fed. R. Civ. P. 59(e) and denied on September 13, 2023. (*See* docs. 58, 60.)

Plaintiff now moves for "documented rulings" on all of his "unanswered [p]leadings." (*See* doc. 62 at 2-3 (citing docs. 8, 1, 14, 34, 35, 44, 56).) The "unaddressed" filings identified in his motion relate to his proof of service, affidavits of residency, and requests for entry of default. (*See id.*)

## II. RULE 60(b)

By seeking entry of default, Plaintiff's filing essentially seeks relief from the judgment in this case. Because it was filed more than 28 days after its entry, it is properly construed as arising under Rule 60(b). *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012)( "A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b)," depending on "when the motion was filed."); *see also Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit."), *abrogated on other grounds by Thomas v. Lumpkin*, 995 F.3d 432, 440 (5th Cir.

2

2021); Fed. R. Civ. P. 59(e) (requiring motion to be filed within 28 days of entry of judgment).

Rule 60(b) provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). A Rule 60(b) motion must be made within a reasonable time, and no longer than one year after judgment was entered if relief is sought under subsections (1), (2), and (3). *See* Rule 60(c)(1).

Because Plaintiff does not invoke any of the reasons for relief from judgment under the first five paragraphs of Rule 60(b), it is considered under paragraph (6), which is the "catch-all" clause. *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002). This paragraph is "'a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances.'" *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604-05 (5th Cir. 1986)). Motions under this clause "will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216 (citation and internal quotations omitted). In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth the following factors to be considered when evaluating such a motion: (1) that final judgments should not lightly be disturbed; (2) that a Rule 60(b) motion should not be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its

merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; (6) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack. *Id.* at 402.

Here, any claims against the government or its officers in an official capacity were dismissed for lack of subject-matter jurisdiction based on sovereign immunity, and any claims based on criminal statutes were dismissed for failure to state a claim upon which relief could be granted. Plaintiff's conclusory motion does not allege extraordinary circumstances such that its denial would be "so unwarranted as to constitute an abuse of discretion." *See Vafaiyan v. City of Wichita Falls*, 398 F. App'x 989, 990 (5th Cir. 2010) (noting standard of review for denial of Rule 60(b) motions). Nor would granting his motion be consistent with the considerations listed in *Seven Elves*.

### III.  RECOMMENDATION

Plaintiff's motion should be liberally construed as seeking relief from the judgment under Fed. R. Civ. P. 60(b) and **DENIED**.

**SO RECOMMENDED on this 26th day of September, 2023.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE